# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JAMES ACKERMAN,, | ) |
| Plaintiff, | ) 2:15-cv-304 |
| v. | ) |
| MERCY BEHAVIOR HEALTH and RAYMOND WOLF, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER OF COURT

Plaintiff William James Ackerman is certainly no stranger to this Court's docket. From December 2012 to September 2014, Ackerman filed five separate lawsuits—all of which were ultimately dismissed as frivolous—against "Mercy Behavior(al) Health," "Ray(mond) Wolf, "Mental Health Court," Western Psychiatric Institute Clinic, the Office of Behavior Health, and the presumed employees of those entities. *See Ackerman v. Mercy Behavior Health*, 2:12-cv-01807-TFM (W.D. Pa. Dec. 11, 2012); *Ackerman v. Mental Health Court*, 2:13-cv-00173-TFM (W.D. Pa. Feb. 1, 2013); *Ackerman and Sons of Mental Illness v. Western Psychiatric Institute Clinic*, 2:13-cv-00388-TFM (W.D. Pa. March 18, 2013); *Ackerman v. Office of Behavior Health*, 2:13-cv-00417-TFM (W.D. Pa. March 21, 2013); *Ackerman v. Mercy Behavior Health*, 2:14-cv-1199-TFM (W.D. Pa. Sept. 4, 2014). This action marks the sixth such occasion. For the reasons that follow, the Court will grant Ackerman's motion to proceed *in forma pauperis* but will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915.

A district court must use a "two-step analysis in evaluating motions to proceed under § 1915." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court must first evaluate the plaintiff's "financial status and determine[ ] whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)." *Id.* The determination of whether to grant or deny IFP status is "based on

economic criteria alone." *Id.* Second, the court must analyze the complaint "under § 1915(d) to determine whether it is frivolous." *Id.* A complaint is frivolous only if it is "based on an indisputably meritless legal theory" or if its "factual contentions are clearly baseless." *Id.* at 195 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). In making this determination, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) *(*quoting *Neitzke*, 490 U.S. at 327-29). Nevertheless, "when presented with a pro se litigant, [the Court] ha[s] a special obligation to construe his complaint liberally." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted).

Upon a review of Ackermna's financial status, the Court finds that he is unable to pay the requisite filing fee, and therefore, his motion to proceed *in forma pauperis* is **GRANTED**. A review of his Compliant, however, makes clear that his claims are once again frivolous.

Much like his previous Complaints, Ackerman alleges that Mercy Behavioral Health mistreats its mental health patients. As relief, Ackerman seeks:

> A new building that's six storys [*sic*], four new van[s], back pay, patient advocate, a newspaper, patient training program, a church, a mental health library, staff training on sexual abuse, a patient leadership program, voluntary polygraph testing, to start up a patient union, [and] [a] health care law and ethics program for all Mercy staff.

(ECF No. 1-1 at 4.) Ackerman also seeks $5 million and $25 million in monetary damages throughout his Complaint.

The Court finds that there is no logical construction of the Complaint from which to derive a viable claim against the named Defendants and that Ackerman could not cure the deficiencies by amendment. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to docket this case closed.

Ackerman is once again warned that he may expose himself to sanctions under Rule 11 of the Federal Rules of Civil Procedure should he continue to file frivolous legal actions. Sanctions could
2

potentially include a requirement that Ackerman obtain certification from a Magistrate Judge before bringing any future action in the United States District Court for the Western District of Pennsylvania. *See Hill v. Carpenter*, 323 F. App'x 167, 172 (3d Cir. 2009). This approach has been endorsed by our court of appeals and in its sister circuits, as "it would prevent [Ackerman] from pursuing frivolous actions without denying him access to the courts." *Id.*

**SO ORDERED**, this 9th day of March, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: WILLIAM JAMES ACKERMAN
200 Knoedler Road
Apartment 912
Pittsburgh, PA 15236

(via First-Class and Certified Mail)